# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
GENEVIEVE EVANS

## DEFENDANTS
GUITAR CENTER STORES, INC.
AND FILIP TODOROVSKI

**(b)** County of Residence of First Listed Plaintiff: **MONTGOMERY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **MONTGOMERY**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire - Sidney L. Gold & Assoc., P.C.
1835 Market St., Ste. 515, Phila, PA 19103  215-569-1999

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability |  | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine |  | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability / **PERSONAL PROPERTY** |  | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act |  | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise |  | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee |  | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment / [ ] 510 Motions to Vacate Sentence |  | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application |  | [ ] 950 Constitutionality of State Statutes |
|  | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions |  |  |
|  | [ ] 555 Prison Condition |  |  |  |
|  | [ ] 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
TITLE VII, PHRA, PA COMMON LAW

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**  150,000 IN EXCESS

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 11/23/2020

SIGNATURE OF ATTORNEY OF RECORD
Sidney L. Gold, Esquire
Digitally signed by Sidney L. Gold, Esquire
Date: 2020.11.23 15:18:43 -05'00'

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b) **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c) **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV. **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: [Nature of Suit Code Descriptions](#).

V. **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _14 East Germantown Pike Apt. 6, Plymouth Meeting, Pennsylvania 19462_

Address of Defendant: _201 West Ridge Pike, Conshohocken, Pennsylvania 19428_

Place of Accident, Incident or Transaction: _201 West Ridge Pike, Conshohocken, Pennsylvania 19428_

---

*RELATED CASE, IF ANY:*

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _11/23/2020_    _/s/ Sidney L. Gold, Esq._    _21374_
                      Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.**  *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _SIDNEY L. GOLD, ESQUIRE_, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: _11/23/2020_    _/s/ Sidney L. Gold, Esq._    _21374_
                      Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| GENEVIEVE EVANS | : | CIVIL ACTION |
| v. | : | |
| GUITAR CENTER STORES, INC. AND FILIP TODOROVSKI | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                      ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.                                      ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.                                      ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.                                      ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)                                      ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                                      (☑)


| | | |
|---|---|---|
| 11/23/2020 | /s/ Sidney L. Gold, Esq. | PLAINTIFF |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 569-1999 | (215) 569-3870 | sgold@discrimlaw.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation"  as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GENEVIEVE EVANS** | : | **CIVIL ACTION NO.:** |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| **GUITAR CENTER STORES, INC.** | : | |
| and | : | |
| **FILIP TODOROVSKI** | : | |
| *Defendants* | : | **JURY TRIAL DEMANDED** |

**COMPLAINT AND JURY DEMAND**

**I.   PRELIMINARY STATEMENT**

1. This is an action for an award of damages, attorneys' fees, and other relief on behalf of Plaintiff, Genevieve Evans ("Plaintiff Evans"), a former employee of Defendant, Guitar Center Stores, Inc. ("Defendant Employer"), who has been harmed by Defendant Employer's unlawful employment actions as set forth herein below.

2. This action is brought under Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA"), and Pennsylvania common law.

**II.   JURISDICTION AND VENUE:**

3. The original jurisdiction of this Court is invoked, and venue is proper in this district, pursuant to 28 U.S.C. §§1331 and 1391, as Plaintiff Evans' claims are substantively based on Title VII. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367, to consider Plaintiff Evans' claims arising under the PHRA and Pennsylvania common law.

1

4. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Evans has satisfied all jurisdictional prerequisites to the maintenance of this action.

**III.     PARTIES:**

5. Plaintiff, Genevieve Evans ("Plaintiff Evans"), is a twenty (20) year old female individual and citizen of the Commonwealth of Pennsylvania, residing therein at 14 East Germantown Pike Apt. 6, Plymouth Meeting, Pennsylvania 19462.

6. Defendant, Guitar Center Stores, Inc. ("Defendant Employer"), is a corporation duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business located at 201 West Ridge Pike, Conshohocken, Pennsylvania 19428.

7. Defendant, Filip Todorovski ("Defendant Todorovski"), is an individual and citizen of the Commonwealth of Pennsylvania, residing therein at an unknown address and maintaining a place of business located at 201 West Ridge Pike, Conshohocken, Pennsylvania 19428.

8. At all times relevant hereto, Defendant Employer acted through its agents, servants, and employees, including Defendant Todorovski, who acted within the scope of their authority, course of employment, and under the direct control of Defendant Employer.

IV.    **STATEMENT OF FACTS:**

9.    Plaintiff Evans, a twenty (20) year old female individual, was employed by Defendant Employer from on or about May 10, 2019 until on or about July 1, 2019, the date of her unlawful constructive termination.

10.    Throughout her employment with Defendant Employer, Plaintiff Evans held the position of Senior Sales Associates and at all times maintained an exceptional job performance rating in said capacity.

11.    By way of background, Defendant Todorovski, General Manager, was Plaintiff Evans's direct supervisor. Further, Plaintiff Evans has never communicated with Defendant Todorovski outside of Defendant Employer's workplace.

12.    Upon commencing her employment with Defendant Employer, Defendant Todorovski began to abuse his power and supervisory relationship with Plaintiff Evans and commenced subjecting her to a hostile work environment through aggressive *quid pro quo* sexual harassment, in violation of Defendant Employer's policies.

13.    By way of example, Defendant Todorovski regularly interrogated Plaintiff Evans about her private sex life. In connection thereto, Defendant Todorovski repeatedly asked Plaintiff Evans if she had a boyfriend and if she were a virgin. Defendant Todorovski compelled Plaintiff Evans to respond to his sexually offensive queries, causing Plaintiff Evans extreme discomfort and emotional distress.

14.    As further sexual harassment, Defendant Todorovski regularly praised Plaintiff Evans's physical appearance. Plaintiff Evans politely thanked Defendant Todorovski and attempted to change the subject.

15. On or about May 24, 2019, Defendant Todorovski sat next to Plaintiff Evans on a piano bench and flirtatiously commented that she was "cuddly." Next, Defendant Todorovski began to grope Plaintiff Evans's thigh and asked if she liked him.

16. Subsequently, Defendant Todorovski commanded that Plaintiff Evans join him in the back office, hung Defendant Employer's "Be Back in 5" sign on the front door, and locked the door to keep customers from entering the store.

17. Once in the back office, Defendant Todorovski grabbed Plaintiff Evans' face very hard and stated he was "very loyal to his wife" and that "this is our little secret," and that "if this goes any further we will cross that bridge when we come to it." Next, Defendant Todorovski forcibly embraced Plaintiff Evans and pleaded that she perform oral sex on him.

18. Thereafter, Defendant Todorovski forcibly undressed Plaintiff Evans and began to have sex with her. Plaintiff Evans adamantly opposed Defendant Todorovski's actions, demanded that he cease and desist, and informed him that she was in enormous physical pain. Defendant Todorovski refused to cease and desist and instead stated he was "almost there" and continued to have sex with Plaintiff Evans.

19. Afterward, Defendant Todorovski dropped Plaintiff Evans' clothing in front of her and stated "get back to work." Once Plaintiff Evans had the opportunity to be alone, she went to the restroom and discovered that she was bleeding from the sexual assault.

20. On or about May 29, 2019, Plaintiff Evans arrived to work with Defendant Todorovski and attempted to have a "cold attitude" toward him to indicate that she

wanted their relationship to be solely professional. Shortly thereafter, Defendant Todorovski again began to touch and flirt with Plaintiff Evans. By way of example, Defendant Todorovski pressed his body against Plaintiff Evans and asked "do you still like me?" He then proceeded to stroke Plaintiff Evans' face and called her "princess." Furthermore, in an effort to excuse the sexual assault, Defendant Todorovski stated that it was "necessary to gauge how much [he] liked [Plaintiff Evans]."

21. On or about July 1, 2019, Defendant Todorovski apologized to Plaintiff Evans for his sexually offensive actions and stated that he "never meant to make [Plaintiff Evans] uncomfortable." Furthermore, Defendant Todorovski stated that Plaintiff Evans could continue to work at the store, however, he would understand if she wanted to leave. In connection thereto, Defendant Todorovski offered to transfer Plaintiff Evans to another store in the area, despite knowing that Plaintiff Evans did not have transportation and would not be able to drive to said other location.

22. On the same date, Defendant Todorovski erroneously stated that he "wanted to keep his work life and personal life separate." Further, Defendant Todorovski stated that if they continued to work together he would not be able to be alone with Plaintiff Evans. Instead, another worker would need to be present at all times.

23. Despite his prior reassurance that Plaintiff Evans could continue working at the store, Defendant Todorovski began to pressure her to transfer to another store location. Plaintiff Evans informed Defendant Todorovski that she would not be able to transfer due to her limited transportation.

24. On the same date, as a result of the intolerable working conditions created by Defendant Todorovski, Plaintiff Evans' employment was constructively terminated.

## COUNT I
### (Title VII – Sex Discrimination, Hostile Work Environment, Sexual Harassment)
### Plaintiff Evans v. Defendant Employer

25. Plaintiff Evans incorporates by reference paragraphs 1 through 24 of this Complaint as though fully set forth at length herein.

26. The actions of Defendant Employer, through its agents, servants and employees, in subjecting Plaintiff Evans to a hostile work environment and quid pro quo sexual harassment, ultimately resulting in the constructive termination of her employment, constituted violations of Title VII.

27. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant Employer in violation of Title VII, Plaintiff Evans sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus of future earning power, plus back pay, and front pay and interest due thereon.

28. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant Employer in violation of Title VII, Plaintiff Evans suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT II
### (PHRA – Sex Discrimination, Hostile Work Environment, Sexual Harassment)
### Plaintiff Evans v. Defendant Employer

29.   Plaintiff Evans incorporates by reference paragraphs 1 through 28 of this Complaint as though fully set forth at length herein.

30.   The actions of Defendant Employer, through its agents, servants and employees, in subjecting Plaintiff Evans to a hostile work environment and quid pro quo sexual harassment, ultimately resulting in the constructive termination of her employment, constituted violations of the PHRA.

31.   As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Evans sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus of future earning power, plus back pay, and front pay and interest due thereon.

32.   As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant Employer in violation of the PHRA, Plaintiff Evans suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT III
### (PHRA – Aiding and Abetting Sexual Harassment, Retaliation)
### Plaintiff Evans v. Defendant Todorovski

33.   Plaintiff Evans incorporates by reference paragraphs 1 through 32 of this Complaint as though fully set forth at length herein.

34. At all times material hereto, the PHRA has made it unlawful for Defendant Todorovski to "aid, abet, incite, compel, or coerce the doing of any acts forbidden under this Act."

35. Defendant Todorovski aided, abetted, incited, compelled, and coerced unlawful and intention sexual harassment against Plaintiff Evans, ultimately resulting in the constructive termination of her employment with Defendant Employer, in violation of the PHRA.

36. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant Todorovski in violation of the PHRA, Plaintiff Evans sustained permanent and irreparable harm, resulting in the loss of her employment, which caused her to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

37. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by Defendant Todorovski in violation of the PHRA, Plaintiff Evans suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT IV
### (Assault)
### Plaintiff Evans v. Defendant Todorovski

38. Plaintiff Evans incorporates by reference paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39. The actions of Defendant Todorovski, as aforesaid, in intending to put Plaintiff Evans in reasonable and immediate fear of a harmful or offensive contact with her body, in fact caused such fear in Plaintiff Evans.

40. As a direct and proximate result of Defendant Todorovski's assaults of Plaintiff Evans, as aforesaid, Plaintiff Evans suffered severe physical and emotional distress, embarrassment, humiliation, and loss of self-esteem.

## COUNT V
### (Battery)
### Plaintiff Evans v. Defendant Todorovski

41. Plaintiff Evans incorporates by reference paragraphs 1 through 40 of this Complaint as though fully set forth herein.

42. Defendant Todorovski intended to cause harmful or offensive contact with the body of Plaintiff Evans, and in fact committed harmful or offensive contact with the body of Plaintiff Evans, as aforesaid, at all times without her consent.

43. As a direct and proximate result of Defendant Todorovski's battery of Plaintiff Evans, as aforesaid, Plaintiff Evans suffered severe physical and emotional distress, embarrassment, humiliation, and loss of self-esteem.

## PRAYER FOR RELIEF

44. Plaintiff Evans incorporates by reference paragraphs 1 through 43 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Evans requests that this Court enter judgment in her favor and against the Defendants, and Order that:

  a. Defendants compensate Plaintiff Evans with a rate of pay and other benefits and emoluments of employment to which she would have been entitled had she not been subjected to unlawful discrimination;

  b. Defendants compensate Plaintiff Evans with an award of front pay, if appropriate;

  c. Defendants pay to Plaintiff Evans punitive damages, liquidated damages, compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses as allowable;

  d. Defendants pay to Plaintiff Evans pre and post judgment interest, costs of suit and attorney and expert witness fees as allowed by law;

  e. The Court award such other relief as is deemed just and proper.

## JURY DEMAND

Plaintiff Evans demands trial by jury.

            SIDNEY L. GOLD & ASSOC., P.C.

         By: /s/ Sidney L. Gold, Esquire
            SIDNEY L. GOLD, ESQUIRE
            I.D. NO.: 21374
            1835 Market Street, Ste. 515
            Philadelphia, PA 19103
            215.569.1999
            Attorney for Plaintiff

DATED:  November 23, 2020

## VERIFICATION

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

DATE: 11/23/2020

_____
GENEVIEVE EVANS, PLAINTIFF