**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

GENEVIEVE EVANS,          :
                                      :
            *Plaintiff*,          :     Case No. 2:20-cv-05880
                                      :
      v.                            :
                                      :
GUITAR CENTER STORES, INC. and  :
FILIP TODOROVSKI,          :
                                      :
           *Defendants*.      :
                                      :
                                      :

**<u>DEFENDANT'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO DISMISS WITHOUT PREJUDICE TO ARBITRATE</u>**

In Ms. Evans' Brief in Opposition to Defendant's Motion to Dismiss Without Prejudice to Arbitrate, Ms. Evans argues that (1) the case should not be subject to arbitration because "Defendant cannot demonstrate a 'mutual manifestation of intent' to be bound by the" Arbitration Agreement (ECF 22, p. 4); (2) the case should not be subject to arbitration because she does not remember seeing or assenting to the Arbitration Agreement (ECF 22-2, ¶ 3) and that, (3) if the Court rejects those arguments, it should stay and not dismiss the lawsuit pending arbitration.  (ECF 22, p. 5.)  We will moot the latter point by agreeing to a stay pending arbitration.  Regarding the former points, three observations are warranted in reply.

*First*, Guitar Center has presented evidence that Ms. Evans assented to the Arbitration Agreement by providing her electronic signature.  Although Ms. Evans protests that her electronic signature is "pixilated" and intimates that electronic signatures are illegitimate, "[u]nder Pennsylvania law, electronic signatures are to be given the same effect as written signatures." *Schrock v. Nomac Drilling, LLC*, No. 2:20-CV-00651-MJH, 2016 WL 1181484 at *3 (W.D. Pa. March 28, 2016), citing 73 P.S. sec. 2260.303(d).).  Further, "[u]nder the statute, an electronic signature 'may be shown in any manner, including a showing of the efficacy of any security procedure applied to determine the person to which the electronic record or electronic signature was attributable.'" *Id.* (citing 73 P.S. § 2260.305).  The manner Guitar Center has used to prove Ms. Evans' electronic signature is the De Leonardis Declaration and its accompanying exhibits. (*See* ECF 19-3.)  Nowhere does Ms. Evans explain why this evidence does not support Guitar Center's conclusion: Ms. Evans electronically signed the Arbitration Agreement.  Therefore, unless Ms. Evans points to countervailing evidence, there can be no disputed issue as to formation and the Court must stay the case pending arbitration. *Juric v. Dick's Sporting Goods, Inc.*, 2:20-CV-00651-MJH, 2020 WL 4450328, at *10 (W.D. Pa. Aug. 3, 2020).

*Second*, Ms. Evans points to no evidence that she did not electronically agree to arbitration. She merely presents evidence that she *does not remember* seeing or signing the Arbitration Agreement, averring that, "*to the best of [her] recollection* [she has] never seen the 'Arbitration Agreement' or agreed to the terms contained therein." (ECF 22-2, ¶ 3 (emphasis added).) The fatal flaw in this argument is that, as a general principle, "a party's failure to recall a relevant event is insufficient to raise an issue as to the occurrence of that event." *Juric*, 2020 WL 4450328, at *10 (internal citations and quotations omitted). Applying that principle more specifically to the arbitration context, this Court has held that a "[p]laintiff's mere lack of recall as to her receipt of the Arbitration Program materials is insufficient to create a genuine issue of material fact as to the formation and validity of the agreement to arbitrate." *Bracy v. Macy's Retail Holdings*, 19-cv-3825, 2020 WL 1953647, at *7 (E.D. Pa. Apr. 23, 2020); *accord Dicent v. Kaplan Univ.*, 758 F. App'x 311, 313 (3d Cir. 2019) (holding that student who did not recall seeing or reviewing arbitration program brochure assented to arbitration agreement by electronic signature); *Schrock*, 2016 WL 1181484, at *3 (noting that, where plaintiff was required to use private login information, known only to him, to electronically acknowledge an arbitration agreement, "[p]laintiff's naked assertions that he never did so are insufficient to lead the Court to conclude otherwise"); *Juric*, 2020 WL 4450328, at *10 (rejecting plaintiff's assertion that she did not recall agreement because electronic record evidenced formation). Therefore, it does not matter that Ms. Evans cannot remember signing the Arbitration Agreement; the undisputed evidence is that she assented to the agreement and, therefore, her dispute must proceed in arbitration.

*Third*, notwithstanding Ms. Evans' assertion that "Defendant, Filip Todorovski, did not join in the present motion" (ECF 22, p. 1, n.1), Mr. Todorovski has joined Guitar Center's Motion to Dismiss. (ECF 23.) This entire dispute, including the claims against Filip Todorovski, must be

submitted to arbitration.   Despite Mr. Todorovski not being a signatory to the Arbitration Agreement, the law is clear that if an employer contracts for an arbitration agreement to cover all employee disputes, like the agreement here, the entire case must go to arbitration.  *See, e.g.*, *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc*., 7 F.3d 1110, 1122 (3d Cir. 1993) (applying agency principles to enforce an arbitration agreement against a non-signatory agent of party bound to the agreement); *Trott v. Paciolla*, 748 F. Supp. 305, 309 (E.D. Pa. 1990) (holding that co-defendant employee was subject to the arbitration agreement because an employer can only act through its employees).

Because the undisputed evidence is that Ms. Evan's assented to the Arbitration Agreement, the Court should stay this lawsuit in its entirety pending arbitration.

Dated:  March 17, 2021

*/s/ Matthew J. Hank*
Matthew J. Hank (PA No. 86086)
Hannah Lindgren (PA No. 326049)
**LITTLER MENDELSON, P.C.**
Three Parkway
1601 Cherry Street, Suite 1400
Philadelphia, PA  19102.1321
267.402.3000 (t)
267.402.3131 (f)
mhank@littler.com
HLindgren@littler.com

*Attorneys for Defendants*
*Guitar Center Stores, Inc.*

4

## <u>CERTIFICATE OF SERVICE</u>

I, Hannah Lindgren, hereby certify that on the 17th day of March, 2021, the foregoing document was filed using the Eastern District of Pennsylvania ECF system, through which this document is available for viewing and downloading, causing a notice of electronic filing to be served upon all counsel of record.

/s/ Hannah Lindgren
Hannah Lindgren